**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1734**

_____

JASAAN ALLAH QIYDAAR,

Plaintiff - Appellant,

v.

PEOPLE ENCOURAGING PEOPLE, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:17-cv-01622-ELH)

_____

Submitted:  June 30, 2022                          Decided:  July 27, 2022

_____

Before NIEMEYER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Jasaan Allah Qiydaar, Appellant Pro Se.   Rafiq R. Gharbi, Ioana Kastellorizios, WHITEFORD, TAYLOR & PRESTON, LLP, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jasaan Allah Qiydaar appeals the district court's order denying his motion for judgment notwithstanding the verdict, pursuant to Fed. R. Civ. P. 50(b), and his motion for a new trial, pursuant to Fed. R. Civ. P. 59(a). We affirm.

First, when his informal brief is liberally construed, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), Qiydaar argues that the district court erred by denying his Rule 50(b) motion as untimely filed. "To challenge the sufficiency of the evidence in a civil jury trial on appeal, a party must comply with Federal Rule of Civil Procedure 50[, which] sets out two different stages for such a challenge." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154 (4th Cir. 2012). First, under Rule 50(a), the party challenges "the sufficiency of the evidence before a case is submitted to the jury." *Id.* Second, Rule 50(b) "sets forth the requirements for challenging the sufficiency of the evidence after the jury verdict and entry of judgment." *Id.* at 155. A party is "not allowed" to seek relief under Rule 50(b) "unless the movant sought relief on similar grounds under Rule 50(a) *before* the case was submitted to the jury." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (emphasis added). Qiydaar did not move for judgment as a matter of law under Rule 50(a) "before the case [was] submitted to the jury." Fed. R. Civ. P. 50(a)(2). Thus, he was "not allowed" to seek relief under Rule 50(b) after the jury had rendered its verdict, even if he did so before the entry of the judgment. *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Accordingly, the district court did not err by denying Qiydaar's Rule 50(b) motion.

As to Qiydaar's Rule 59(a) motion, we review for abuse of discretion the denial of a motion for a new trial. *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346 (4th Cir.

2

2014). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

"A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017). "The crucial inquiry on review is whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair." *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 241 (4th Cir. 2016) (internal quotation marks omitted). After reviewing the record, we conclude that the district court did not abuse its discretion by denying Qiydaar's motion.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*